## GREEN v. RISS & CO., Inc.

### No. 1091.

District Court, W. D. Missouri, W. D.

June 26, 1942.

Henry A. Riederer and Fred J. Freel, both of Kansas City, Mo., for plaintiff.

M. D. Campbell, Jr., and M. D. Campbell, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is a suit for unpaid minimum wages and overtime compensation as provided by Section 216, Title 29 U.S.C.A.

According to the admission of the parties and the undisputed testimony, the defendant is engaged in both interstate and intrastate commerce as a carrier. The plaintiff was employed by it as a night watchman, janitor and gas pump attendant. The principal duty of the plaintiff was that of night watchman. The compen-

sation paid plaintiff was at the rate of $20 per week, or $87.50 per month. The plaintiff was employed when the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., became effective on October 24, 1938. His employment continued until on or about January 4, 1941. With slight variation the plaintiff worked 84 hours per week from the effective date of the law until December, 1939, at which time the hours were reduced to 66, with a further reduction in the number of hours worked by him at a later date. As indicated, his suit is both for a balance due on a minimum wage and for overtime.

Since the statute prescribes what the minimum wage shall be with maximum hours during the time plaintiff was employed it is unnecessary to set out such data.

It is contended by the defendant that the plaintiff was not "engaged 'in commerce or in the production of goods for commerce,'" as a prerequisite to his right of recovery. Moreover, it is the contention of the defendant that the wages paid were adequate to meet the requirement of the law. This, as well as other contentions, will be noticed.

■ 1. It is admitted that the defendant was engaged in interstate as well as intrastate commerce and that the plaintiff was employed as night watchman, janitor and gas pump attendant. Under the authorities he would, therefore, be within the protection of the law invoked by him.

It was so held in the several cases of Kirschbaum, Petitioner, v. L. Metcalfe Walling, Administrator of Wage and Hour Division, United States Department of Labor, and the Arsenal Building Corporation et al., Petitioners, v. L. Metcalfe Walling Administrator of Wage and Hour Division, United States Department of Labor, by decision of the Supreme Court rendered June 1, 1942. 62 S.Ct. 1116, 1118, 86 L.Ed. ——. In these cases one of the petitioners owned and operated a six-story loft building in Philadelphia. The building was occupied by tenants engaged in the manufacture of articles for interstate commerce. It was necessary for the building owner to employ engineers, firemen, elevator operators, watchmen, porters and carpenters. In reference to the watchmen, the court said: "The watchmen protect the buildings from fire and theft." This was sufficient to bring the watchmen within the requirements that they, be engaged in commerce or in the production of goods for commerce as a predicate for recovery.

■ 2. The next point urged by the defendant is that the hourly wage to the plaintiff should be computed upon the basis of a 44 hour week for the first year, 42 hours for the second year, and 40 hours for the third year. Such is not the lawful method of computation. The rule prescribed by the authorities in arriving at the hourly rate is to divide the weekly fixed salary by the number of hours actually worked. This is true, notwithstanding the fact that there might be a variance in the time served from week to week. This point, in like manner, was decided by the Supreme Court on June 8, 1942. In the case of Overnight Motor Transportation Company, Petitioner, v. William H. Missel, 62 S.Ct. 1216, 86 L.Ed. ——, it affirmed the Court of Appeals, Fourth Circuit, 126 F.2d 98; see also Warren-Bradshaw Drilling Co. v. Hall et al., 5 Cir., 124 F.2d 42.

The case of L. Metcalfe Walling, Administrator of Wage and Hour Division, United States Department of Labor, Petitioner, v. A. H. Belo Corporation, 62 S.Ct. 1223, 86 L.Ed. ——, decided on the same day, towit, June 8, 1942, is not to the contrary. In the latter decision the court considered a situation where the parties had agreed on an hourly wage rate. The court held that the weekly salary, therefore, should not be used as a dividend with the maximum number of hours as a divisor to determine the hourly rate, since such rate had been agreed upon.

■ 3. There is a further contention that the employee, as a gas pump attendant, was engaged in work which affected the safety of operation of defendant's vehicles, and, therefore, was excluded from the benefits of the law by section 213, Title 29 U.S.C.A., as follows: "(b) The provisions of section 207 shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49; * * *."

According to the testimony the work performed by the plaintiff as a gas pump attendant was but an incident of his employment. Moreover, such work, with negligible exceptions, appertained to vehicles used in intrastate and not interstate

commerce. Under the authorities such incidental work would not bring the plaintiff within the exemption relating to maximum hours with relation to interstate carriers.

In view of the above, the plaintiff is entitled to recover the amount agreed upon in case of liability, namely, $402.69. This should be doubled under the mandate of the statute. Counsel for plaintiff has asked for attorney's fees in the sum of $400. Two Hundred and Fifty Dollars would appear to be a reasonable fee and such amount will be allowed.